## Hodsdon *vs.* Smith.

Where a party, having a good title to land, conveyed it in fee, upon condition that the deed should be void if the grantee and others paid certain notes at the times specified in the deed, (the sum of said notes being the whole purchase money of the land, and the very consideration upon which the deed was executed;) and where the grantee entered upon the land and held the same without hindrance, but did not, by himself or others, pay the notes at the times specified;—*Held,* that by the nonperformance of said condition a forfeiture was saved, and that the subsequent payment of the notes could not destroy the conveyance.

*Held,* also, that, in the above circumstances, the condition of the deed constituted no defence to an action of assumpsit on the notes.

Hodsdon *v.* Smith.

It was also *held*, that such an action of assumpsit would be a perfect answer to any attempt on the part of the grantor to enforce a forfeiture.

ASSUMPSIT on two joint and several notes, signed by the defendant, Cephas Smith, and one Sally Smith. Both notes were dated July 13, 1839, each for $115, with interest, and payable to the plaintiff, or order, the one in nine, the other in eighteen months from date.

PLEA, the general issue.

The parties agreed that the plaintiff, on the tenth day of July, 1839, by his deed of that date, duly executed and acknowledged, conveyed to the defendant, his heirs and assigns, certain real estate ; that said notes were given as the full purchase sum of said land, and for no other purpose, and are the consideration expressed in said deed ; that at the time of the execution of the deed the land was wild and uncultivated ; that the defendant entered immediately into actual possession of the land, cleared six acres, and has ever since continued in possession ; that the deed contains the following condition, viz : " The condition of this deed is such, that if Cephas Smith, and Sally Smith and Rufus Smith, shall freely and fully pay to said Hodsdon one hundred and fifteen dollars, in nine months from this date, and one hundred and fifteen dollars in eighteen months, said notes bearing even date with this date, then this to be null and void, otherwise to be in full force" ; and that said notes named in said condition are the same two notes on which this action is founded.

A verdict was taken for the plaintiff, for the amount of the notes, subject to be set aside and judgment entered for the defendant, if the court should be of opinion that there was no sufficient consideration set forth in the case to sustain the verdict.

*Hobbs* and *Thompson*, for the defendant, cited 7 *N. H. Rep.*, *Page* vs. *Foster*.

*S. Emerson*, for the plaintiff. The deed will be good

although the condition be void. Conditions insensible, uncertain and repugnant, are void.  *Shep. Touchstone* 373, 128, 131, 133 ; 2 *Salk.* 463 ; 2 *Saund.* 79.

The covenants in a deed furnish a good consideration; and in the present case the grantee went into possession, and thus has had the benefit of the conveyance.

PARKER, C. J.    The condition annexed to the conveyance from the plaintiff to the defendant, by which, if the defendant and others should fully and freely pay to the plaintiff two sums of $115.00 each, at the times there specified, the deed should be void, is certainly somewhat singular ; especially when it appears from the statement that the sums there mentioned are the purchase money of the land conveyed, and the notes given to secure their payment the very consideration upon which the deed was executed.

How it happened that such a condition should have been inserted, the parties have not informed us, nor is it material. Whether it were from " fraud, accident or mistake," (and it would seem that it must have been from one of these causes,) the result must be the same.

But it is not necessary to resort to equity to reform the conveyance, nor to the principle that conditions repugnant to the conveyance to which they are annexed, are void.  The plaintiff conveyed to the defendant in fee a tract of land, to which it seems he had a good title, for the defendant has entered under the deed, and holds the land, so far as appears, without any adverse claim.    The defendant, in consideration of this conveyance, executed the two notes which the plaintiff now seeks to recover ; against which recovery the defendant has nothing to allege except the condition in the deed, which he fears will destroy the conveyance upon payment of the consideration.    But this fear is groundless.  The defendant has effectually secured himself from such a catastrophe by the non-performance of the condition.  If the plaintiff should attempt to avoid his deed, upon the ground

that the defendant had performed the condition, he must show that the defendant freely and fully paid the sums mentioned at the times specified. That is the condition upon which alone the deed was to be void, and the plaintiff cannot enforce a forfeiture except upon a strict performance. The present suit, therefore, will be a perfect answer to any such attempt, as it shows, very conclusively, the nonperformance. The defence will be upon record. We must, therefore, give

*Judgment on the verdict.*